|     |     |
| --- | --- |
| 1   |     |
| 2   |     |
| 3   |     |
| 4   |     |
| 5   |     |
| 6   |     |
| 7   | UNITED STATES DISTRICT COURT |
| 8   | EASTERN DISTRICT OF CALIFORNIA |
| 9   |     |

| | |
|---|---|
| MICHAEL REYES-VILLANUEVA, | 1:24-cv-00493-JLT-EPG (PC) |
| Plaintiff, | ORDER DENYING REQUEST FOR SCREENING ORDER |
| v. | (ECF No. 10). |
| TYSON POUG, *et al.*, | |
| Defendants. | |

Plaintiff Michael Reyes-Villanueva appears to be a detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On July 15, 2024, mail—a second copy of the Court's *pro se* informational order—sent to Plaintiff at the address he provided for the Madera County Jail was returned as undeliverable, return to sender, unable to forward.

On September 18, 2024, Plaintiff filed an undated notice of change of address; however, he listed the same address for the Madera County Jail that he provided at the beginning of this case. (ECF No. 8). Noting that Plaintiff provided the same address, even though mail was recently returned as undeliverable to that address, the Court issued an order on September 20, 2024, advising Plaintiff to ensure that he keeps the Court updated as to his current address or else this case may be dismissed. (ECF No. 9, citing E.D. Local Rule 183(b)).

Now before the Court is Plaintiff's document titled, "Request for Screening Order."[1] Plaintiff asks that a "screening order be sent to [him]." He states that he received the first

---

[1] The Court has altered capitalization and punctuation in quoting Plaintiff's filing.

1

informational order dated April 26, 2024, but he did not receive "any document dated July 15, 2024."

It appears that Plaintiff is confused. The Court reissued the *pro se* informational order to Plaintiff on June 26, 2024 (ECF No. 7), which was returned as undeliverable on July 15, 2024, to the address at the Madera County Jail that Plaintiff still provides as his current address (ECF No. 8). The Court did not issue a screening order. Further, if, as Plaintiff claims, he received the informational order issued on April 26, 2024, he does not need a copy of the same reissued informational order that was returned as undeliverable on July 15, 2024. (ECF No. 3).

At this stage, Plaintiff need only to ensure that he keeps the Court updated as to his current address at all times or else this case may be dismissed.

Accordingly, IT IS ORDERED as follows:

1. Plaintiff's request for a copy of a screening order is denied. (ECF No. 10).
2. Plaintiff is advised that he must keep the Court updated with his current address at all times or this case may be dismissed.

IT IS SO ORDERED.

Dated: **October 2, 2024**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

2