UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL REYES-VILLANUEVA,<br><br>        Plaintiff,<br><br>  v.<br><br>TYSON POGUE, *et al.*,<br><br>        Defendants. | Case No. 1:24-cv-00493-JLT-EPG (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO REVISE NAMES OF CERTAIN DEFENDANTS AND TITLE OF DEFENDANT ON THE DOCKET<br><br>FINDINGS AND RECOMMENDATIONS THAT THIS CASE PROCEED ONLY ON PLAINTIFF'S CLAIMS CONCERNING (A) HIS RIGHT TO ADEQUATE MEDICAL CARE UNDER THE FOURTEENTH AMENDMENT AGAINST DR. GUSTAVENSON, NURSE DEBBIE, RN MICHELLE, RN EVA, RN KHLOE, RN MARIA, RN VICTORIA, AND RN KRISTEN; AND (B) HIS RIGHT TO SAFETY UNDER THE FOURTEENTH AMENDMENT AGAINST SHERIFF POGUE<br><br>(ECF Nos. 1, 14, 15)<br><br>OBJECTIONS, IF ANY, DUE WITHIN 30 DAYS |

    Plaintiff Michael Reyes-Villanueva proceeds *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. (ECF Nos. 1, 4). The complaint alleges that Defendants ignored Plaintiff's medical needs after he fell from his top bunk bed. Further, it alleges that Defendant Tyson Pogue disregarded Plaintiff's safety because Pogue failed to provide a means—*e.g.*, a ladder—for Plaintiff to climb to his top bunk bed.

1

On November 15, 2024, the Court screened the complaint, concluding that Plaintiff sufficiently stated claims against (1) Defendants Dr. Gustavian, Dr. Debbie, Registered Nurse (RN) Mitchel, RN Eva, RN Khloe, RN Maria, RN Victoria, and RN Kristn for violating his right to adequate medical care under the Fourteenth Amendment; and (2) Defendant Pogue for violating his right to safety under the Fourteenth Amendment.[1] The Court explained why the complaint otherwise failed to state any claims and gave Plaintiff thirty days to either file (1) a notice to go forward on his cognizable claims, (2) an amended complaint; or (3) a notice to stand on his complaint and have it reviewed by a district judge.

On November 26, 2024, Plaintiff filed a notice stating that he wants to proceed only on the claims that the Court found cognizable. (ECF No. 15). Additionally, Plaintiff corrects the spellings of some of the Defendants and the title of another. Specifically, he states that Dr. Gustavian, as spelled in the complaint, is actually "Dr. Gustavenson." Further, RN Mitchel is "RN Michelle," RN Kristn is "RN Kristen," and Dr. Debbie is "Nurse Debbie." Thus, the Court will implement these corrections going forward, direct the Clerk of Court to reflect them on the docket, and treats the complaint as amended to the extent that these substitutions are made.

Accordingly, IT IS ORDERED that the Clerk of the Court is directed to revise the docket as follows: (1) Dr. Gustavian shall be corrected to "Dr. Gustavenson"; (2) RN Mitchel shall be corrected to "RN Michelle"; (3) RN Kristn shall be corrected to "RN Kristen," and (4) Dr. Debbie shall be corrected to "Nurse Debbie." Further, the complaint is considered amended to reflect these changes. (ECF No. 1).

Additionally, for the reasons set forth in the Court's screening order that was entered on November 15, 2024 (ECF No. 14), and because Plaintiff has notified the Court that he wants to proceed on the claims that the Court found should proceed past screening (ECF No. 15), IT IS RECOMMENDED that all claims and Defendants be dismissed, except for Plaintiff's claims against (1) Defendants Dr. Gustavenson, Nurse Debbie, RN Michelle, RN Eva, RN Khloe, RN

---

[1] The Court uses the names and titles of the Defendants as listed in the complaint and screening order. However, as noted below, Plaintiff has since corrected some of the Defendants' names and one of their titles. (ECF No. 15).

Maria, RN Victoria, and RN Kristen for violating his right to adequate medical care under the Fourteenth Amendment; and (2) Defendant Pogue for violating his right to safety under the Fourteenth Amendment.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than 15 pages, including exhibits. Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **December 4, 2024**              /s/ *Erica P. Grosjean*
                                      UNITED STATES MAGISTRATE JUDGE