UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL REYES-VILLANUEVA, | Case No. 1:24-cv-00493-JLT-EPG (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE |
| v. | DISMISSED, WITHOUT PREJUDICE, BECAUSE OF PLAINTIFF'S FAILURE TO PROSECUTE AND COMPLY WITH THE |
| TYSON POGUE, *et al.*, | COURT'S ORDERS |
| Defendants. | (ECF Nos. 28, 30) |
| | OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

Plaintiff Michael Reyes-Villanueva, confined at the Madera County Jail, proceeds *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Because Plaintiff has failed to prosecute this case and comply with the Court's orders, the Court recommends dismissal of this case without prejudice.

I.     BACKGROUND

Plaintiff filed this lawsuit on April 25, 2024. (ECF No. 1). After screening, this case proceeds on the following claims: (1) violations of Plaintiff's right to adequate medical care under the Fourteenth Amendment against Defendants Dr. Gustavenson, Nurse Debbie, RN Michelle, RN Eva, RN Khloe, RN Maria, RN Victoria, and RN Kristen; and (2) violation of Plaintiff's right to safety under the Fourteenth Amendment against Defendant Pogue. (ECF No. 20, p. 2). On February 27, 2025, the Court issued an order staying the case as to the following Defendants: Dr. Gustavenson, Nurse Debbie, RN Michelle, RN Eva, RN Khloe, RN Maria, RN Victoria, and RN Kristen (*i.e.*, the Wellpath Defendants). (ECF No. 27)

1

On February 28, 2025, the Court issued an order requiring Plaintiff and Defendant Pogue to submit a statement regarding the schedule and discovery matters within thirty days from the date of service of the order. (ECF No. 28). The Court directed the parties to address important information about discovery and scheduling, including the following categories of information:

A brief summary of the parties' claims and/or defenses.

The name and, if known, the address and telephone number of each witness, besides expert witnesses, the party may call at trial.

A description by category and location of all documents the party may use at trial.

Whether any third parties, other than Plaintiff's institution of confinement, are likely to have relevant documents.

Whether the party intends to use expert witnesses.

If a settlement conference has not occurred, when the party will be prepared to participate in a settlement conference.

(ECF No. 28, p. 2).

Defendant Pogue filed its Scheduling and Discovery Statement on March 28, 2025. (ECF No. 29). However, Plaintiff failed to do so.

After Plaintiff failed to file a timely statement, the Court issued an order on April 14, 2025, granting him a *sua sponte* extension of 21 days to file one, advising him that "[f]ailure to comply with this order may result in the dismissal of this action." (ECF No. 30, p. 2).

To date, Plaintiff has not filed its Scheduling and Discovery Statement, or anything else in this case since December 2024, when he submitted documents for service. (ECF No. 18).

## II.    ANALYSIS

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id.* Here, Plaintiff's failure to file a scheduling and discovery statement, as required by the Court's orders (ECF Nos. 28, 30), has delayed this Court's ability to issue a scheduling order. And without being able to issue a scheduling order, this case is stalled from progressing further with discovery and other case-related deadlines. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to prosecute this case and comply with the Court's orders that is causing delay and preventing this case from progressing. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute this action and has failed to comply with the Court's orders, despite being warned of possible dismissal, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Notably, given Plaintiff's *in forma pauperis* status, monetary sanctions would be of little use. And given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Id.*

## III.    CONCLUSION AND RECOMMENDATIONS

After weighing the factors, the Court finds that dismissal without prejudice is appropriate. Accordingly, the Court RECOMMENDS that:

1.    This case be unstayed for purposes of dismissing the case. (ECF No. 27)

2.    This case be dismissed, without prejudice, because of Plaintiff's failure to prosecute and comply with the Court's orders; and

3

1          3.     The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen (14) days after service of the objections. Further, any objections or response to objections shall be limited to no more than fifteen (15) pages, including exhibits.

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 20, 2025**               /s/ *Erica P. Grosjean*

                                     UNITED STATES MAGISTRATE JUDGE

4